IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ENTEC STATIONS, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-cv-380-MEF |
| | ) | (WO – Do Not Publish) |
| MURPHY OIL USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

Before the Court is Defendant Murphy Oil USA, Inc.'s ("Murphy Oil") Motion for Jury Trial (Doc. #30). Plaintiffs operate gas stations and bring suit against Murphy Oil for alleged below costs sales of motor fuel in violation of Alabama's Motor Fuel Marketing Act, Alabama Code §§ 8-22-1, *et seq.* (hereinafter "the Act"). Plaintiffs filed their complaint on May 22, 2014, and seek preliminary and permanent injunctive relief as well as statutory damages for lost sales. On July 22, 2014, over a month after it filed its Answer, Murphy Oil filed a motion seeking to add a jury demand pursuant to Federal Rules of Civil Procedure 39(b). Plaintiffs oppose the motion.

Because Murphy Oil's jury demand was not timely made under Rule 38, it brings this motion pursuant to Rule 39(b), which states:

> When No Demand Is Made. Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

1

The Court must first determine whether Plaintiffs' claims for relief are issues "for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Whether a claim is one "for which a jury might have been demanded" is analyzed under the Seventh Amendment's preservation of the right to a jury trial in civil cases. Where, as here, the statute that creates a right to money damages is silent on the issue of whether it provides a right to a jury trial, courts apply a two-pronged test. First, a court must determine whether the statutory action is analogous to "18th century actions brought in the English courts prior to the merger of the courts of law and equity." *Waldrop v. Southern Co. Servs, Inc.*, 24 F.3d 152, 156 (11th Cir. 1994) (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558 (1990). Second, the court examines the remedy sought to see whether it is legal or equitable in nature. *Id*. The second prong is the more important of the two. *Id*.

The Act attempts to prevent fuel sellers from harming their competitors by selling fuel below costs and subsidizing these below cost sales with other operations. *See* Ala. Code § 8-22-2; 8-22-3. The Act's cause of action is analogous to an action for unfair competition, which is a recognized common law tort. *See Scanwell Laboratories, Inc. v. Thomas*, 521 F.2d 941, 949 (D.C. Cir. 1975). As to the second, and more important prong, Plaintiffs seek injunctive relief and statutory damages for lost profits. *See* Ala. Code § 8-22-17 (providing injunctive relief to injured parties as well as recovery for "actual damages" that are trebled by the court when awarded). The injunctive relief is clearly equitable in nature and does not fall within the Seventh Amendment's right to a jury trial. However, the Act's remedy of

"actual damages" for loss of sales or profits resulting from unfair competition is a quintessential legal claim. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477–78 (1962) (holding that a trademark infringement plaintiff seeking payment for lost profits was pursuing a legal rather than an equitable claim).  Therefore, Plaintiffs' request for actual damages due to alleged selling of fuel below costs is an " issue for which a jury might have been demanded" under Rule 39(b) because it is included in the Seventh Amendment's preservation of a right to a jury trial.

In the Eleventh Circuit, the general rule concerning untimely requests for jury trials is that the trial court "should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Parrott v. Wilson*, 707 F.2d 1262, 1266 (11th Cir. 1983) (quotation and citation omitted).  In ruling on a 39(b) motion, a district court should consider: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.  *Id*. at 1267.

The Court finds that the issues in the case involve the kind of fact finding traditionally performed by a jury.  Although the Court acknowledges Plaintiffs' argument that the issues in this case can be complex, that does not by itself make it unsuitable for resolution by a jury. *See Synovus Trust Co., N.A. v. Honda Motor Co., Ltd.*, 223 F.R.D. 699, 701 (M.D. Ga. 2004)

(rejecting the argument that complex products liability case was unsuited for a jury in Rule 39(b) jury request). Granting the motion will not disrupt the Court's schedule or work any prejudice towards Plaintiffs. This case is in its infancy and the Court has not even entered a Uniform Scheduling Order. Murphy Oil's delay of only one month in seeking a jury trial is also insignificant. Murphy Oil states that damages claims under the Act are rarely pursued and that it did not believe Plaintiffs intended to seriously pursue the damage claims. Considering all of these reasons, the *Parrott* factors, in combination with the Eleventh Circuit's policy favoring the granting of Rule 39(b) motions, indicate the motion is due to be granted. Plaintiffs' claim for actual damages under the Act will be submitted to a jury. Accordingly, it is hereby

ORDERED that Murphy Oil's Motion for Jury Trial (Doc. #30) is GRANTED and that the case will be set for a jury trial term in fall 2015. The Court will issue a Uniform Scheduling Order separately.

DONE this the 6th day of August, 2014.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE